## The Meyercord Company, Inc., v. P. H. Butler Company.

*Sales of personal property—Failure to comply with terms of contract—Effect of delivery to carrier—Act of May 19, 1915.*

Under the Sales Act of May 19, 1915, P. L. 543, the contract must be strictly complied with in order to bind the purchaser. Therefore, delivery to a carrier is ineffective to fix liability upon the purchaser where a greater quantity of the articles than were ordered were shipped and lost, as otherwise the buyer would have no opportunity of exercising the options granted him in such cases by the 44th section of the act.

Motion for judgment *n. o. v.* C. P. Allegheny Co., July T., 1921, No. 2497.
Before Evans, Haymaker and Reid, JJ.

*Earl F. Reed,* for plaintiff.

*Alexander C. Tener* and *Wilson & Evans,* for defendant.

EVANS, J., May 13, 1921.—The defendant is a dealer in groceries in the City of Pittsburgh, and the plaintiff is a manufacturer of window signs, and on Sept. 23, 1918, the defendant gave the following order to the plaintiff:

"Order No. 1321. Date Sept. 23, 1918.
THE MEYERCORD CO. (INC.)
Chicago, Ills., U. S. A.

Sold to P. H. Butler Co.
At Pittsburgh Pa
Ship via Express When at once
Terms 1% cash 10 days or 30 days net from date of invoice
F. O. B. Chicago.

As it is impossible to make the exact quantity, it is agreed that an overage or shortage, not to exceed 10%, shall be accepted as filling this contract. All contracts are taken contingent upon strikes and accidents beyond our control.

Not subject to countermand.

| Quantity | | Description |
|---|---|---|
| 125 | Window Signs as per Sketch | 'Fine Groceries' |
| 75 | Dittoe— | 'Teas & Coffees' |
| | At 1.35 per sign | |
| PHC | | P. H. BUTLER CO. |
| Accepted | | Coffee |
| | Salesman." | |

On Sept. 26th the plaintiffs wrote the defendant as follows:
"P. H. Butler Co.,
Pittsburgh, Pa.

Gentlemen: We are pleased to acknowledge your order for transfer window signs placed with our Mr. Cullis and this will have prompt attention.

We thank you for this order, and we are, Yours very truly,
THE MEYERCORD COMPANY,
By

ELW/A Sales Manager."

On Nov. 22, 1918, the plaintiffs delivered to the Chicago office of the American Express Company, for transportation to the defendant, 180 window signs "Fine Groceries," and 117 window signs "Teas & Coffees." The signs were never delivered to the defendant by the express company. Claim was made on the defendant for the price of the 297 window signs, which amounted to $495. Defendant refused to pay. At the trial of the case the above stated

facts were admitted, and binding instructions were given to the jury to render a verdict in favor of the plaintiff for the price of 220 signs as per the contract.

By the terms of the contract, it will be observed the signs were to be shipped by express F. O. B. Chicago, and we think there is no question that if the signs had been shipped in accordance with the terms of the contract, delivery to the express company would have been delivery to the defendant, so far as the obligations of the plaintiff were concerned. But the signs were not shipped in accordance with the contract. The contract was for 200 signs, which might be increased to 220 because of the difficulty in this character of work of manufacturing an exact number of signs. By the terms of the 44th section of the Sales Act of May 19, 1915, P. L. 543, "Where the seller delivers to the buyer a quantity of goods larger than he contracted to sell, the buyer may accept the goods included in the contract and reject the rest, or he may reject the whole." In this case the buyer never had an opportunity to accept the whole or to accept the amount of his contract or to reject the whole. A delivery of the exact amount of the contract to the American Express Company would have been a delivery to the buyer, but surely a delivery of a number of signs which he had a right to reject or accept, or partially reject and partially accept, could not be construed to be a delivery to him.

The cases of Lockhart *v.* Bonsall, 77 Pa. 53, and Brownfield *v.* Johnson, 128 Pa. 254, do not govern this case. In both of those cases there was an offer to deliver the exact amount of the contract to the buyer in person, or to his representative, or to the place where he designated the delivery to be made. There is no such situation in this case. The plaintiff is resting this case on the fact that, under the terms of the contract, a delivery to the express company was a delivery to the buyer, and when he rests upon the exact terms of his contract, he must on his part fulfill the exact terms of his contract.

And now, May 13, 1921, judgment is hereby entered in favor of the defendant *non obstante veredicto.*

*Eo die*, exception and bill sealed.

From Edwin L. Mattern, Pittsburgh, Pa.